## ABBOTT v. UNITED STATES.[*]
### No. 6629.

Circuit Court of Appeals, Fifth Circuit.
April 11, 1933.

John L. Neeley and Greene S. Johnston, Jr., both of Tallahassee, Fla., for appellant.

*Rehearing denied June 7, 1933.

Geo. P. Wentworth, U. S. Atty., and G. E. Hoffman and W. Logan Hill, Asst. U. S. Attys., all of Pensacola, Fla.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellant was convicted on six counts of an indictment charging use of the mails in furtherance of an alleged scheme to defraud, and was sentenced to confinement in a penitentiary for the period of two years and to pay a fine of $500. The indictment was not demurred to or otherwise challenged in the trial court. The appellant pleaded not guilty. He did not request the court to instruct the jury to find in his favor. He reserved no exception to the court's instructions to the jury. In the course of the trial he excepted to rulings of the court on objections to evidence. Those rulings were assigned as errors, but no assignment of error based on any of those rulings was attempted to be supported by argument.

Allegations of the indictment show the participation of the appellant in the formation and execution of a scheme to defraud purchasers of stock in a corporation organized to engage in the oyster and general sea food business, and in using or causing to be used the mails in furtherance of that scheme. In the trial there was evidence tending to prove the guilt of the appellant of an offense charged in the indictment. The sentence imposed was within the limits of punishment authorized upon a conviction on a single count of the indictment. 18 USCA § 338. The record does not warrant a contention that the conviction of the appellant is attributable to any serious error affecting his substantial rights, which, in order to prevent a miscarriage of justice, properly might be here corrected, though the appellant failed to have it duly presented for appellate review. In our opinion no reversible error is shown by the record.

The judgment is affirmed.